UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD PHELPS,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE OF IDAHO, et al.,<br><br>            Defendants. | Case No. 1:22-cv-00117-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Donald Phelps's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1.      **Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal*/*Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend). Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

**2.      Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"). Plaintiff has been incarcerated since he was convicted of crimes in Idaho state court in February 2001. *Compl.*, Dkt. 3, at 4. Plaintiff asserts that he should have been civilly committed rather than criminally prosecuted. *Id*. at 8–15. He cites Title 66 of the Idaho Code, which governs civil commitment of mentally ill persons.

Plaintiff also alleges that he has "suffered from serious physical and mental abuse at the hands of inmates and prison officials." *Id*. at 14. Plaintiff claims that his "clearly established rights, privileges, and immunities" have been "unreasonably restricted" and cites the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as the Contracts

Clause of Article I, § 10 of the U.S. Constitution. *Id*. at 7–8.

3.  **Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

  A.  ***Standards of Law***

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Governmental officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer simply because an employee committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which

the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

### B. *Plaintiff's Civil-Commitment Claims Are Barred by* Heck v. Humphrey

The vast majority of Plaintiff's Complaint challenges his criminal conviction. These claims appear barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a civil rights claim "is not cognizable"—meaning that it cannot be maintained—if the plaintiff's success on that claim would "render a conviction or sentence invalid." *Id*. at 486–87. Thus, if a favorable verdict in a civil rights action "would necessarily imply the invalidity" of a conviction, the plaintiff must first show that the "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.

As the Supreme Court later clarified, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Further, the Supreme Court has made it clear that when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from ... imprisonment, his sole federal

remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, release from incarceration is not an available remedy in a § 1983 action.

Plaintiff attempts to avoid the *Heck* bar. He contends that the Complaint "does not create a speedier or immediate release." *Compl.* at 10. However, Plaintiff claims that he was entitled to be civilly committed instead of criminally prosecuted. If he were to succeed on that claim, the validity of his criminal conviction would undoubtedly be called into question. Therefore, Plaintiff's claims regarding civil commitment are implausible.

### C. The Complaint Does Not State a Plausible Claim of Unconstitutional Conditions of Confinement

The only portion of the Complaint that does not appear to be automatically barred by *Heck v. Humphrey* is Plaintiff's claim that he "suffered from serious physical and mental abuse at the hands of inmates and prison officials." *Compl.* at 14. However, because Plaintiff offers no facts to support this conclusory statement, any such claim is implausible. Plaintiff may attempt to remedy this deficiency in an amended complaint, and the Court offers the following standards that might apply to Plaintiff's prison-conditions claims.

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment and guarantees prisoners the right to minimally adequate conditions of confinement. "[T]he Constitution does not mandate comfortable prisons, and prisons … which house persons convicted of serious crimes[] cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Though prison conditions may be restrictive—even harsh—without violating the Eighth Amendment, prison officials are required to provide prisoners with adequate food, clothing, shelter, sanitation, medical

care, and personal safety. *Id.* at 347; *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

To state a claim under the Eighth Amendment, a prisoner must show that he is (or was) "incarcerated under conditions posing a substantial risk of serious harm," or that they have been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

As for the objective prong of the analysis, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Rather, the deprivation alleged must be objectively sufficiently harmful or, in other words, sufficiently "grave" or "serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see Whitley*, 475 U.S. at 319 ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.") (internal quotation marks and alteration omitted).

With respect to the subjective prong of an Eighth Amendment violation, "deliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that

harm will result." *Farmer*, 511 U.S. at 835. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley*, 475 U.S. at 319.

To exhibit deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). Moreover, even prison officials who *did* actually know of a substantial risk to inmate health or safety will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

The Eighth Amendment includes the right to be protected from attack by other inmates. If an inmate faces a "threat of serious harm or injury" from another inmate, prison officials who act with deliberate indifference to that threat are subject to liability under § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); *see also Farmer*, 511 U.S. at 833 ("Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course.") (cleaned up). Deliberate indifference in the context of a failure-to-protect claim does not require that a prison official knew the

plaintiff "was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Farmer*, 511 U.S. at 843. However, the deliberate indifference standard *does* mean that even an obvious and substantial risk of assault by one inmate against another does not result in liability so long as the defendant official was not subjectively aware of that risk. *Id*. at 844.

The Eighth Amendment also prohibits prison officials from using excessive force against inmates. "[T]he subjective inquiry for excessive force claims 'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). "This standard necessarily involves a more culpable mental state than that required for excessive force claims arising under the Fourth Amendment's unreasonable seizures restriction." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2003). Therefore, a prisoner asserting an excessive force claim must show "malicious and sadistic force, not merely objectively unreasonable force." *Id*. Because "corrections officials must make their decisions in haste, under pressure, and frequently without the luxury of a second chance," courts must afford prison staff "wide-ranging deference" in this analysis. *Bearchild*, 947 F.3d at 1140 (internal quotation marks omitted).

Not every "malevolent touch" by a correctional officer gives rise to an Eighth Amendment claim. *Hudson*, 503 U.S. at 9; *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). Therefore, in

addition to showing that prison officials used force maliciously and sadistically, a prisoner asserting an excessive force claim must "objectively show that he was deprived of something sufficiently serious." *Id*. (internal quotation marks omitted).

A court considers five factors in analyzing whether the objective component has been met: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (internal quotation marks omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9–10 (internal quotation marks omitted).

Plaintiff should keep these standards in mind if he asserts Eighth Amendment claims in an amended complaint.

4.  **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to

dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*,

896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff

no longer intends to pursue this case.[2]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon relief may be granted, failure to prosecute, or failure to comply with a Court order.

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: June 22, 2022

David C. Nye
Chief U.S. District Court Judge

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).